IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDUARDO JUAREZ GALLEGOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-127 |
| | ) | (Formerly CR 113-220) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Eduardo Juarez Gallegos, an inmate at Great Plains Correctional Institution in Hinton, Oklahoma, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.    BACKGROUND**

On October 8, 2013, the grand jury in the Southern District of Georgia charged Petitioner with one count of conspiracy to distribute and possess with intent to distribute controlled substances, two counts of distribution of controlled substances, and five counts of use of a communication facility in causing or facilitating the commission of a felony in violation of 21 U.S.C. § 841 and § 846. United States v. Gallegos, CR 113-220, doc. no. 1 (S.D. Ga. Oct. 8, 2013) (hereinafter "CR 113-220"). On September 10, 2014 Petitioner,

representing himself with attorney David Dekle as stand-by counsel, pled guilty to the one count of conspiracy to distribute and possess with intent to distribute controlled substances. Id., doc. no. 370, 371. In exchange for Petitioner's guilty plea, the government agreed to not oppose a recommendation for acceptance of responsibility under U.S.S.G. § 3E1.1(a), move for an additional one level decrease under U.S.S.G. § 3E1.1(b), and consider filing a "substantial assistance" motion for downward departure under U.S.S.G. § 5K1.1. Id., doc. no. 372, pp. 3-5.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal . . . . Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. §2255 motion.

Id. at 6.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at II, and Guideline imprisonment range at 121 to 151 months. PSI ¶ 21, 36, 57. Pursuant to U.S.S.G. § 2D1.1(b)(1), Petitioner received a two-level enhancement for possessing a firearm in connection with a drug offense in his offense level computation despite his objection. Id. ¶ 22; Addendum to the Presentence Report. On

2

January 21, 2015, United States District Judge J. Randal Hall sentenced Petitioner to 121 months imprisonment, and the judgment was entered on January 22, 2015. CR 313-008, doc. nos. 429, 434. Petitioner did not file a direct appeal, although he did petition the Supreme Court of Georgia for relief on December 8, 2015, which that Court denied on March 22, 2016. (See doc. no. 1, pp. 12, 21-23.)

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based in part on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing the ruling in Johnson applies to his case. (See generally doc. no. 1.) Petitioner does not argue he was sentenced under the statutory provisions of the ACCA, but instead argues since Johnson left "grave uncertainty about how to estimate the risk posed by a crime," he should not have received a two-level specific offense characteristic enhancement for possessing a firearm in connection with his crime under § 2D1.1(b)(1) of the Guidelines. (Id. at p. 17.) Petitioner also raises six other grounds for relief, alleging misapplication of the sentencing guidelines, a procedurally unreasonable sentence,

3

ineffective assistance of counsel, disparity in his sentence as compared to other drug offenders, improper denial of a motion for sentence reduction, and an incorrect criminal history computation. (Id. at 14-19.) Petitioner signed his petition on July 29, 2016, and the Clerk filed it August 2, 2016. (Id. at 1, 13.)

### A. The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on January 22, 2015, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later on February 5, 2015. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Petitioner thus filed his § 2255

motion more than one-year after his conviction became final on February 5, 2015. Although Petitioner raises a Johnson claim, which pursuant to § 2255(f)(3) would allow Petitioner to bring his § 2255 motion outside the one-year statute of limitations, that claim has no merit, as discussed in Part C. Thus, the § 2255 motion is untimely.

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is

5

actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Although Petitioner contends he is eligible for equitable tolling, he has not shown extraordinary circumstances prevented him from timely filing his motion; he only claims he diligently pursued his rights and mistakenly petitioned the Supreme Court of Georgia rather than this Court for relief within the one-year time period. (See doc. no. 1, p. 12.) This mistake does not qualify as a type of extraordinary circumstance that prevented Petitioner from timely filing his motion here. See Sibley v. Culliver, 377 F.3d 1196, 1203 (11th Cir. 2004) (application filed in wrong court does not toll AEDPA statute of limitations). Even if it was sufficient to toll the AEDPA limitations period, Petitioner's motion would still be untimely because his conviction became final on February 5, 2015, Petitioner filed his petition for relief in the Georgia Supreme Court on December 8, 2015, the Georgia Supreme

Court dismissed his Petition on March 22, 2016, and Petitioner did not file his motion until August 2, 2016. (See doc. no. 1, pp. 1, 21.) Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, all of Petitioner's claims surround the sentencing phase of his conviction. (See id. at 14-30.) Therefore, Petitioner is not eligible for equitable tolling.

### C. <u>Johnson</u> Does Not Apply.

Petitioner was not sentenced under the statutory provisions of the ACCA, did not receive a career offender enhancement under § 4B.1, and did not receive any other enhancement incorporating a "residual clause" that might make <u>Johnson</u> potentially applicable. Further, Petitioner's crime of conviction was not 18 U.S.C. § 924(c) which also contains a "residual clause," though substantially different from the one involved in <u>Johnson</u>. Rather, Petitioner was convicted and sentenced under 21 U.S.C. § 841(a)-(b), which contains no "residual clause" whatsoever. Because Petitioner was not sentenced under the ACCA or a statute containing a "residual clause," <u>Johnson</u> does not apply to his guidelines enhancement under U.S.S.G. § 2D1.1(b)(1). See <u>Heard v. United States</u>, No. 8:16-cv-1475-T-30AAS, 8:12-cr-52-T-30AAS, 2016 WL 3219718, at*2 (M.D. Fla. June 10, 2016). Thus, AEDPA's retroactivity exception to the statute of limitations in § 2255(f)(3) is not applicable, and Petitioner's motion, filed over a year after his conviction became final, is untimely and without merit.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED 21st day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA