IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDUARDO JUAREZ GALLEGOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-127 |
| | ) | (Formerly CR 113-220) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 4.) The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 on the basis it is untimely and Petitioner is not eligible for equitable tolling. (See doc. no. 2.) Nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, and only one objection warrants further comment.

Petitioner objects he was not granted equitable tolling for his severe medical problems, which he supports with attached medical records. (Doc. no. 4, pp. 1, 4-6.) While the Court does not doubt Petitioner's medical difficulties, he has not shown "(1) that his medical conditions were sufficiently debilitating to constitute 'extraordinary circumstances' justifying equitable tolling and (2) that he exercised enough diligence in pursuing his [§ 2255] petition during the limitation period." Lang v. Alabama, 179 F. App'x 650, 652 (11th Cir. 2006).

Petitioner's surgery and treatment for gangrene occurred in early March 2015, nearly one year before the February 5, 2016 deadline to file his motion. (See doc. no. 4, pp. 4-6.) Although Petitioner claims the pain and medication associated with the surgery "rendered him mentally incompetent and caused him to fail to meet one year AEDPA filing deadline," he fails to allege how the pain and medication rendered him incompetent, the duration of his incompetency, and how it prevented him from filing his motion on time. (Doc. no. 4, p. 1); see also Shelby v. McNeil, No. 3:09CV230/WS/EMT, 2010 WL 1850524, at *5 (N.D. Fla. Apr. 14, 2010), *report and recommendation adopted*, No. 3:09CV230-WS, 2010 WL 1850520 (N.D. Fla. May 7, 2010) (petitioner not entitled to equitable tolling where he did not allege how mental condition actually prevented him from filing timely federal petition).

Despite his March 2015 surgery, Petitioner was able to petition the Supreme Court of Georgia on December 8, 2015, well within the one year AEDPA filing deadline, which indicates he was capable of pursuing his rights with diligence. That he petitioned the wrong court does not entitle him to equitable tolling. See Sibley v. Culliver, 377 F.3d 1196, 1203 (11th Cir. 2004) (application filed in wrong court does not toll AEDPA statute of limitations). Petitioner further concedes his medical issues were only one of many reasons Petitioner did not timely file his motion. (See doc. no. 4, p. 1.) Given all of these factors, Petitioner is not entitled to equitable tolling and his petition is untimely.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the motion filed pursuant to 28 U.S.C. § 2255. Because Petitioner's motion is untimely and the case is ripe for dismissal, the Court also **DISMISSES AS MOOT** Petitioner's motion for a sentence reduction in the underlying criminal case. (CR 113-220, doc. no. 484.)

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 21st day of October, 2016, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3